| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

| | |
|---|---|
| LUCIO GOMEZ, Individually and On Behalf of All Others Similarly Situated, § § § *Plaintiff(s)*, § § § v. § § DRAKE INTERIORS, INC., § § *Defendant(s)*. § | No. _____ |

## PLAINTIFF LUCIO GOMEZ'S ORIGINAL COMPLAINT

Plaintiff Lucio Gomez (referred to as "Gomez") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Drake Interiors, Inc. (referred to as "Drake Interiors") who were paid at the same rate of pay for all of the hours they worked during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Gomez's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Drake Interiors violated the FLSA by employing Gomez and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Drake Interiors willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Gomez brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Drake Interiors who were paid at the same rate of pay for all of the hours they worked" or "worked as field service technicians during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Gomez's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III. Parties

9. Gomez is an individual who resides in Harris County, Texas and who was employed by Drake Interiors during the last three years.

10. Drake Interiors is a Texas corporation that may be served with process by serving its registered agent:

> Lawrence J. Frattalone
> 2205 Hurfus Drive
> Houston, Texas 77092-8109

Alternatively, if the registered agent of Drake Interiors cannot with reasonable diligence be found at the company's registered office, Drake Interiors may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. An allegation that Drake Interiors committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants

or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Drake Interiors or was done in the normal course and scope of employment of Drake Interiors' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12. Drake Interiors is a commercial interior construction company.

13. Drake Interiors does business in the territorial jurisdiction of this Court.

14. Drake Interiors employed Gomez from October 2019 to May 2020.

15. Drake Interiors employed Gomez as a carpenter.

16. As a carpenter, Gomez was responsible for cutting, shaping and/or installing building materials.

17. Drake Interiors is covered by the FLSA. 29 U.S.C. §§ 203(c), (e)(2), (x), 206(a), 207(a).

18. During Gomez's employment with Drake Interiors, he was engaged in commerce or in the productions of goods for commerce.

19. During Gomez's employment with Drake Interiors, the company had employees engaged in commerce or in the production of goods for commerce.

20. During Gomez's employment with Drake Interiors, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

21. During Gomez's employment with Drake Interiors, the company had an annual gross volume of sales made or business done of at least $500,000.

22. Drake Interiors paid Gomez on an hourly basis.

23. Drake Interiors paid Gomez in cash on a weekly basis.

24. During Gomez's employment with Drake Interiors, he regularly worked in excess of forty hours per week.

25. Drake Interiors knew or should have known that Gomez worked in excess of forty hours per week.

26. Drake Interiors did not pay Gomez for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

27. Instead, Drake Interiors paid Gomez at the same rate of pay for all of the hours he worked.

28. Gomez was not exempt from the maximum hour requirements of the FLSA.

29. As a carpenter, Gomez's primary duties were nonexempt.

30. As a carpenter, Gomez's primary duties did not include office or nonmanual work.

31. As a carpenter, Gomez's primary duties were not directly related to the management or general business operations of Drake Interiors or its customers.

32. As a carpenter, Gomez's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

33. As a carpenter, Gomez did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

34. As a carpenter, Gomez was, instead, required to follow Drake Interiors' policies, practices and procedures.

35. As a carpenter, Gomez did not have any independent authority to deviate from Drake Interiors' policies, practices and procedures.

36. Drake Interiors knew or should have known that Gomez was not exempt from the maximum hour requirements of the FLSA.

37. Drake Interiors willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

38. During Gomez's employment with Drake Interiors, the company did not maintain accurate time and pay records for Gomez as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

39. During Gomez's employment with Drake Interiors, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

40. Drake Interiors continued the pay practice(s) complained of by Gomez without investigation after being put on notice that the pay practice(s) violated the FLSA.

41. Drake Interiors has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

42. Prior to this lawsuit, Drake Interiors conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Gomez.

43. Because Drake Interiors willfully violated the FLSA, the company is liable to Gomez for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

44. As a result of the FLSA violation(s) described above, Drake Interiors is liable to Gomez for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

45. All employees of Drake Interiors who were paid at the same rate of pay for all of the hours they worked and who were employed by Drake Interiors during the last three years are similarly situated to Gomez because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid

overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Drake Interiors under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

46. Gomez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

47. During Gomez's employment with Drake Interiors, he was a nonexempt employee.

48. As a nonexempt employee, Drake Interiors was legally obligated to pay Gomez "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours [he] worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

49. Drake Interiors did not pay Gomez "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

50. Instead, Drake Interiors paid Gomez at the same rate of pay for all of the hours s/he worked.

51. If Drake Interiors classified Gomez as exempt from the maximum hour requirements of the FLSA, he was misclassified.

52. As a result of the FLSA violation(s) described above, Drake Interiors is liable to Gomez for back wages equal to the difference between what the company should have paid and what it actually paid.

### VI. Count Two— Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

53. Gomez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

54. Drake Interiors willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

55. During Gomez's employment with Drake Interiors, the company did not maintain accurate time and pay records for Gomez as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

56. During Gomez's employment with Drake Interiors, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

57. Drake Interiors continued the pay practice(s) complained of by Gomez without investigation after being put on notice that the pay practice(s) violated the FLSA.

58. Drake Interiors has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

59. Prior to this lawsuit, Drake Interiors conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Gomez.

60. Because Drake Interiors willfully violated the FLSA, the company is liable to Gomez for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

61. Gomez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

62. On information and belief, other employees of Drake Interiors have been victimized by the FLSA violation(s) described above.

63. These employees are similarly situated to Gomez because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

64. Drake Interiors' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

65. Since Gomez's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

66. For these reasons, Gomez requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All workers employed by Drake Interiors during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked.

67. Drake Interiors is liable to Gomez and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

68. Gomez has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

69. Gomez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

70. Gomez is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

71. Gomez is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

72. Gomez has retained the professional services of the undersigned attorneys.

73. Gomez has complied with the conditions precedent to recovering attorney's fees and costs.

74. Gomez has incurred or may incur attorney's fees and costs in bringing this lawsuit.

75. The attorney's fees and costs incurred or that may be incurred by Gomez were or are reasonable and necessary.

76. Drake Interiors is liable to Gomez and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

77. Gomez demands the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. an incentive award for Gomez for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c. judgment against Drake Interiors in Gomez's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

   d. all other relief and sums that may be adjudged against Drake Interiors in Gomez's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: *Melissa Moore*
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar No. 3487389
renu@mooreandassociates.net