# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LUCIO GOMEZ, Individually and On Behalf of All Others Similarly Situated, *Plaintiff(s)* V. DRAKE INTERIORS, INC.; TK DRYWALL, LLC; and JUAN G. DE LA MORA, *Defendants.* | CIVIL ACTION NO. 4:20-cv-02706 |

## DEFENDANT DRAKE INTERIORS, INC.'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

COKINOS | YOUNG

J. SHANNON GATLIN
Federal Bar No. 1124848
State Bar No. 24065282
sgatlin@cokinoslaw.com
W. PATRICK GARNER
Federal Bar No. 21192
State Bar No. 00798200
pgarner@cokinoslaw.com

Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010
T: (713) 535-5500
F: (713) 535-5533

**ATTORNEYS FOR DEFENDANT DRAKE INTERIORS, INC.**

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ......................................................................1

REQUESTED RELIEF ..............................................................................3

NATURE AND STATE OF PROCEEDINGS ................................................3

ARGUMENT & AUTHORITIES ................................................................5

I.     Rule 12(c) Legal Standard ..........................................................5

II.    Application of "Economic Realities" Test to Pleadings .................6

       A.    Maintaining Employment Records ....................................8

       B.    Determining Rate and Method of Payment.........................9

       C.    Possessing Ability to Hire or Fire ..................................10

       D.    Supervising and Controlling the Schedule or Conditions of
             Employment ...............................................................13

CONCLUSION ....................................................................................16

CERTIFICATE OF SERVICE ...................................................................17

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Aaron v. Leday*,
    2013 WL 5936623 (S.D. Tex. Nov. 5, 2013)................................................7, 9

*Aschroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................5, 6, 12, 14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................6, 12, 14

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*,
    869 F.3d 381 (5th Cir. 2017) ............................................................................5

*Branum v. Richardson*,
    2014 WL 795080 (S.D. Miss. Feb. 27, 2014) ............................................13, 16

*Escobedo v. Metal Protective Coating Professionals, Inc.*,
    2013 WL 6504675 (S.D. Tex. Dec. 11, 2013)  ............................................7, 9

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) .....................................................................5, 12, 14

*Gray v. Powers*,
    673 F.3d 352 (5th Cir. 2012) ...................................................2, 10, 13, 15, 16

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) .........................................................5, 7, 11, 12, 14

*Hernandez v. Praxair Distribution, Inc.*,
    2015 WL 4393105 (S.D. Tex. July 15, 2015) ...................................................8

*Howard v. John Moore, LP*,
    2014 WL 1321844 (S.D. Tex. Mar. 31, 2014) .................................................7

*Kaminski v. BWW Sugar Land Partners*,
    2010 WL 4817057 (S.D. Tex. Nov. 19, 2010)..................................................7

*Lampkin v UBS Fin. Services, Inc.*,
    925 F.3d 727 (5th Cir. 2019) ............................................................................6

*Lee v. Dish Network, L.L.C.*,
    2013 WL 6057844 (S.D. Tex. Nov. 15, 2013) ...............................................7

*Long v. BDP Int'l, Inc.*,
    919 F. Supp. 2d 832 (S.D. Tex. 2013).......................................................2, 6

*Martin v. Spring Break '83 Prods., L.L.C.*,
    688 F.3d 247 (5th Cir. 2012) ............................................................ 2, 15-16

*Menchaca v. Fodale*,
    2017 WL 8890663 (W.D. Tex. Aug. 10, 2017) ...........................................15

*Mendoza v. Essential Quality Constr., Inc.*,
    691 F. Supp. 2d 680 (E.D. La. 2010) .......................................................2, 6

*Orozco v Plackis*,
    757 F.3d 445 (5th Cir. 2014) ....................................................................15

*Quintanilla v. A & R Demolition, Inc.*,
    2005 WL 2095104 (S.D. Tex. Aug. 30, 2005) ..............................................6

*Trevino v. RDL Energy Servs., L.P.*,
    2016 WL 11477431 (S.D. Tex. July 21, 2016) ....................................7, 9, 16

## Rules & Statutes

FED. R. CIV. P. 12(b)(6) ........................................................................3, 15

FED. R. CIV. P. 12(c)........................................................................3, 5, 15

FED. R. CIV. P. 12(e)................................................................................4

29 U.S.C. § 207 ......................................................................................1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LUCIO GOMEZ, Individually and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff(s),** | § § | |
| **v.** | § § | **Civil Action No. 4:20-CV-02706** |
| **DRAKE INTERIORS, INC.; TK DRYWALL, INC.; and JUAN DE LA MORA,** | § § § § § | |
| **Defendants.** | § | |

**DEFENDANT DRAKE INTERIORS, INC.'S
RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Drake Interiors, Inc. ("Drake" or "the Company"), by and through its undersigned counsel of record, hereby moves this Court for an Order dismissing Plaintiff Lucio Gomez's claims against Drake with prejudice and asks for judgment on the pleadings in Drake's favor. In support thereof, Drake would respectfully show as follows.

**SUMMARY OF ARGUMENT**

Plaintiff's Third Amended Complaint ("TAC") asserts one legal cause of action – failure to pay overtime under the Fair Labor Standards Act ("FLSA") – against Drake and co-defendants TK Drywall, Inc. ("TKD"), and Juan G. de la Mora as alleged joint employers. *See generally* ECF #44 (March 11, 2021); *see also* 29 U.S.C. § 207. However, Plaintiff's TAC and Drake's Answer, ECF #45 (March 25, 2021), demonstrate that Drake is entitled to dismissal of Plaintiff's claims

because Plaintiff cannot plausibly establish the existence of an employer/employee relationship between Plaintiff and Drake.

The existence of an employer/employee relationship is logically and understandably a statutory prerequisite for recovery for unpaid overtime under the FLSA. *See Long v. BDP Int'l, Inc.*, 919 F. Supp. 2d 832, 839 (S.D. Tex. 2013) (citing 29 U.S.C. §§ 203(d), (e)(1)); *see also Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 684 (E.D. La. 2010) ("In order to establish a claim for retaliation or failure to compensate under the FLSA, there must first be an employer-employee relationship."). Notably, this Court has already recognized that the failure to establish such an employment relationship is fatal to Plaintiff's claims. *See* Minute Entry #1 (Dec. 29, 2020) (dismissing Plaintiff's First Amended Complaint for failure to state a claim based on need to "more specifically allege … an employment relationship" between Plaintiff and Drake).

Courts within the Fifth Circuit apply the "economic realities test" to determine whether an employer/employee relationship exists between the parties. *Long*, 919 F. Supp. 2d at 839; *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012); *see also Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012). In making the employer determination, courts consider whether the alleged employer (1) possessed the power to hire and fire the worker; (2) supervised and controlled the worker's schedule or conditions of employment; (3) determined the rate and method of the worker's payment; and (4) maintained employment records for the worker. *Gray*, 673 F.3d at 355; *see also* ECF #44 ¶ 26 (alleging all four "economic realities" factors against de la Mora). This test is applied to each individual potential employer "even if the plaintiff alleges that the potential employers were acting as a joint employer." *Gray*, 673 F.3d at 355.

Here, the pleadings show that none of the four "economic realities" factors can plausibly be proven against Drake by Plaintiff, despite Plaintiff having now had ***four*** bites at the proverbial

2

apple and being offered pleading guidance by this Court in two different motion hearings. As a result, Drake asks this Court to dismiss Plaintiff's claims against it with prejudice.

**REQUESTED RELIEF**

Through this Motion, Drake requests that this Court dismiss Plaintiff's claims against Drake with prejudice based on the pleadings, and dismiss Drake from this lawsuit. *See* FED. R. CIV. P. 12(c).

**NATURE AND STATE OF PROCEEDINGS**

On August 3, 2020, Plaintiff filed his Original Complaint in this Court as a purported collective action lawsuit seeking to recover unpaid overtime for himself "and on behalf of all current and former employees of Defendant Drake Interiors, Inc." *See* ECF #1, at 1 (Aug. 3, 2020). Following unsuccessful attempts by Drake's counsel to persuade Plaintiff's counsel that Drake was not Plaintiff's employer and that third-party TKD – a subcontractor engaged by Drake with relative frequency – was Plaintiff's proper employer, Drake filed a Rule 12(b)(6) Motion to Dismiss. *See* ECF #10 (Oct. 5, 2020); FED. R. CIV. P. 12(b)(6). Plaintiff responded by filing a First Amended Complaint that added TKD and its owner, Juan de la Mora, as co-defendants, with Plaintiff now asserting a joint employer theory of liability against all three defendants. *See* ECF #18 (Nov. 6, 2020).

Recognizing numerous pleading deficiencies based on the vague, conclusory, and boilerplate nature of Plaintiff's allegations, as well as the fact that most allegations were asserted against all defendants collectively, Drake filed another 12(b)(6) Motion to Dismiss. *See* ECF #23 (Nov. 20, 2020). Co-defendants TKD and de la Mora instead chose to file substantively identical Answers to Plaintiff's First Amended Complaint, which continue to be the only pleadings filed by those defendants. *See* ECF #25 & #26 (Dec. 2, 2020). After full briefing on this 12(b)(6) motion,

3

this Court held a hearing on December 28, 2020, and granted the motion. This Court issued a Minute Entry the next day, giving Plaintiff "15 days to more specifically allege FLSA coverage, an employment relationship, and failure to pay overtime." *See* Minute Entry #1.

On January 12, 2021, Plaintiff filed his Second Amended Complaint in an effort to comply with this Court's mandate. *See* ECF #35 (Jan. 12, 2021). However, because Plaintiff inexplicably designated the defined term "Drake Interiors" as standing for both Drake singularly and for all defendants collectively – thereby making it impossible to determine whether this new pleading actually remedied any of the deficiencies of the First Amended Complaint – Drake filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). *See* ECF #36 (Jan. 22, 2021); FED. R. CIV. P. 12(e). Again after full briefing, this Court held a hearing on the motion, and again the motion was granted and Plaintiff was ordered to replead. *See* Minute Entry #2 (March 2, 2021).

Plaintiff filed his Third Amended Complaint – his fourth attempt at an initiating pleading in this case – on March 11, 2021. *See* ECF #44. Drake filed its Answer earlier today, which includes supporting Exhibits and Affidavits directly responsive to Plaintiff's allegations, many of which remain vague or conclusory in nature or continue to be asserted collectively against multiple defendants. *See* ECF #45. Now that this Court has a full set of pleadings before it, Drake files this Motion for Judgment on the Pleadings and respectfully requests that this Court dismiss Plaintiff's claims against Drake. Because Plaintiff has already amended his complaint three times and has been advised by this Court on two occasions what remedial measures were necessary to properly plead his cause of action, Drake respectfully requests that Plaintiff's claims against it be dismissed with prejudice and that Drake be dismissed from this litigation.

4

## ARGUMENT & AUTHORITIES

### I.    Rule 12(c) Legal Standard.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains*, 313 F.3d at 312.

A trial court may grant a Rule 12(c) motion "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* While the court "will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," it will not "accept as true conclusory allegations or unwarranted deductions of fact." *Id.* at 312-13. "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Id.* at 313 n.8.

Thus, dismissal is appropriate where the pleadings establish that Plaintiff's complaint lacks a cognizable legal theory, or where it fails to plead facts essential to the statement of a claim under that theory. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.,* 869 F.3d 381, 385 (5th Cir. 2017). A complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice…"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'

5

– that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. Put another way, to survive Drake's 12(c) motion, "the non-conclusory 'factual content,' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Lampkin v. UBS Fin. Services, Inc*., 925 F.3d 727, 733 (5th Cir. 2019).

A plaintiff must provide the necessary factual support for his claims before subjecting a defendant to the possibly large expense and burden of defending itself. The Supreme Court noted, "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases." *Twombly*, 550 U.S. at 559. Here, despite having four attempts to do so, Plaintiff fails to plead sufficient factual detail to establish an employer/employee relationship that would warrant subjecting Drake to the considerable expense and burden of litigating the claims against it.

## II.    Application of "Economic Realities" Test to Pleadings.

Here, Plaintiff asserts little more than conclusory allegations that Drake employed him. Rather than showing how Drake actually satisfies the "economic realities" test used in the Fifth Circuit to determine whether an employer/employee relationship exists, Plaintiff simply concludes that Drake was his employer without alleging sufficient "factual enhancement" to support that conclusion. *See, e.g.,* ECF #44 ¶¶ 4, 9, 27. The mere fact that TKD, in its capacity as a subcontractor and pursuant to a written agreement between TKD and Drake, provides labor for various projects on which Drake is the primary contractor is insufficient to establish that Drake "employed" Plaintiff; otherwise, every employee of a subcontractor would automatically be considered an employee of the primary contractor on every construction project. *See Mendoza*, 691 F. Supp. 2d at 685; *Quintanilla v. A & R Demolition, Inc.*, 2005 WL 2095104, at \*11 (S.D. Tex. Aug. 30, 2005); ECF #45-1; *see also Long*, 919 F. Supp. 2d at 840 (parent company not presumed to be employer of subsidiary's employees). Furthermore, to the extent that Plaintiff does

assert "facts" in his TAC that may bear on the four "economic realities" factors, those supposed facts largely are mere conclusory statements or "unwarranted deductions" to be disregarded by this Court once all pleadings are considered. *See Great Plains*, 313 F.3d at 312-13.

For this Court to begin its analysis of whether Plaintiff can satisfy the "economic realities" test based on the pleadings and plausibly establish the requisite employer/employee relationship between Plaintiff and Drake to survive dismissal, the first step is to determine precisely what allegations are made specifically against Drake and which allegations are improperly levied against all defendants collectively. As this Court has already recognized in granting Drake's prior 12(b)(6) and 12(e) motions, to sufficiently state a cause of action against a specific alleged joint employer, a plaintiff must allege facts specific to that individual employer – in this case, Drake – and may not rely on collective allegations against all defendants. Minute Entry #1, #2. *See, e.g., Aaron v. Leday*, 2013 WL 5936623, at *10-*11 (S.D. Tex. Nov. 5, 2013) (Ellison, J.) (dismissing FLSA claims against two defendants where plaintiffs failed to assert factual allegations supporting "economic realities" test and noting general references to actions of "defendants" were insufficient); *Escobedo v. Metal Protective Coating Professionals, Inc.*, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013) (Ellison, J.) (dismissing FLSA claims where plaintiff failed to plead "factual allegations as to how the events that gave rise to this lawsuit were allocated between the two defendants ... [or] how his employment was handled generally"); *Trevino v. RDL Energy Servs., L.P.*, 2016 WL 11477431, at *20-*21 (S.D. Tex. July 21, 2016) ("General and conclusory allegations about the Defendants as a group as multiple employers are insufficient to state a claim against any as Plaintiffs' employer under the FLSA."); *see also Kaminski v. BWW Sugar Land Partners*, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010); *Howard v. John Moore, LP*, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014); *Lee v. Dish Network, L.L.C.*, 2013 WL 6057844,

7

at *3 (S.D. Tex. Nov. 15, 2013); *Hernandez v. Praxair Distribution, Inc.*, 2015 WL 4393105, at *1-*2 (S.D. Tex. July 15, 2015).

Applying the principle that collective allegations are insufficient and therefore should be disregarded, this Court is left with approximately one dozen allegations made specifically against Drake to consider in determining whether Plaintiff has stated a plausible claim that Drake in fact was his employer based on the "economic realities" factors. *See generally* ECF #44. Approximately one dozen paragraphs out of an 84-paragraph TAC. *See generally id.* Of those Drake-specific allegations, only a handful address any of the "economic realities" factors at all, while completely ignoring two of the four factors as to Drake. *See id.* ¶¶ 20-24.

A. Maintaining Employment Records.

As to the factor of maintaining employment records, Plaintiff's allegations in his TAC assert that TKD and de la Mora maintained employment records for him, not Drake. *Id.* ¶¶ 25-26. In addition, Drake's pleadings establish that Drake maintains in the regular course of business various legally required employment records (*e.g.*, I-9s, W-2s, W-4s) for its employees, and that a review of records for all Drake employees hired in 2019 or working in 2019 and 2020 turned up no such records for Plaintiff. ECF #45-3 ¶¶ 3, 5, 10. Furthermore, the express terms of the Master Sub-Contract Agreement between TKD and Drake – Exhibit A to Drake's Answer – clearly state that it is TKD's responsibility to provide, supervise, and pay for "labor," and also to pay social security taxes for such labor, which should result in W-2 records for TKD's employees like Plaintiff, at the very least. ECF #45-1. Thus, the pleadings conclusively show that Plaintiff cannot establish this "economic realities" factor as to Drake.

8

B.  Determining Rate and Method of Payment.

Similarly, Plaintiff's individualized allegations relating to the rate and method of payment to Plaintiff are not specifically asserted against Drake; rather, these allegations are made specifically against TKD and de la Mora. ECF #44 ¶¶ 25-26. The closest Plaintiff comes to alleging that Drake had anything to do with payments made to him are his claims that, collectively, "***Drake Interiors and TK Drywall*** paid Gomez on an hourly basis ... at the rate of $18.00 per hour … on a weekly basis by cash…," and similar collective averments. *Id.* ¶¶ 33-35 (emphasis added); *see also id.* ¶ 39. However, as this Court has recognized numerous times – including earlier in this very case – collective allegations against multiple defendants are insufficient to state a claim against any particular single defendant as the plaintiff's employer. *See* Minute Entry #1, #2; *see also Aaron*, 2013 WL 5936623, at *10-*11; *Escobedo*, 2013 WL 6504675, at *2; *Trevino*, 2016 WL 11477431, at *20-*21.

As a result, to the extent any of Plaintiff's collective allegations bear on any of the "economic realities" factors, they are insufficient to state a claim for purposes of a Rule 12(c) motion. Furthermore, none of Plaintiff's allegations – collective or otherwise – indicate that Drake played any role in ***determining*** the rate or method of payment of wages to Plaintiff. At most, Plaintiff's collective allegations – if they could even be considered sufficient support for Plaintiff's claims (which they cannot) – indicate what payments were allegedly made to him ***after*** de la Mora and/or TKD determined how much those payments should be and in what manner they should be paid. *Compare* ECF #44 ¶¶ 33-35 *with* ¶¶ 25-26.

The failure of Plaintiff's TAC regarding this "economic realities" factor becomes clear when compared to Drake's pleading, which establishes that Drake pays its employees in a manner that is in no way similar to how Plaintiff alleges wages were paid to him. Plaintiff asserts that he

9

was paid his wages in cash every week in envelopes reflecting his name, the number of hours worked, and the total payment – but not the identity of the payor; "[his TAC] even includes pictures." *See id.* ¶¶ 25, 39; *see also* ECF #42, at 6 (Feb. 19, 2021). These allegations of weekly cash payments in envelopes bearing no mention of Drake stand in stark contrast to the manner in which Drake paid its employees via check or direct deposit and withheld payroll taxes as reflected in W-2 and W-4 forms. ECF #45-3 ¶¶ 5, 10-13; see also ECF #45-4 ¶¶ 7, 12; ECF #45-2. Plus, as noted earlier, TKD was responsible for paying its workers and any related taxes per the terms of the Master Sub-Contract Agreement. ECF #45-1.

To the extent that there could arguably be any dispute regarding ***how*** Plaintiff was paid based on the pleadings in this case, the pleadings show beyond dispute that Drake played no role whatsoever in ***determining*** the rate or method of payment, which was contractually TKD's responsibility and is the material aspect of the "economic realities" factor at issue. *See Gray*, 673 F.3d at 355. Because the pleadings conclusively establish that Drake did not determine Plaintiff's rate or method of payment, Plaintiff cannot plausibly show that this "economic realities" factor is met as to Drake.

C.  Possessing Ability to Hire or Fire.

The third "economic realities" factor that works against Plaintiff based on the pleadings is the need for Drake to possess the ability to hire or fire Plaintiff. *See id.* Plaintiff does allege that he applied to, was interviewed by, and was hired by Drake all within the course of one day. ECF #44 ¶ 21; *see also id.* ¶¶ 20, 22. Plaintiff, however, provides no further meat on these bare bones, such as an approximate date of alleged hire, any details about the alleged application or hiring process, the names or job titles of any alleged interviewers, or anything else. *See id.* ¶¶ 20-22. While it is reasonable to forgive a plaintiff for being unable to allege every detail of a company's

10

hiring protocols without the benefit of discovery, it is equally reasonable to expect a plaintiff to come forward with some detailed facts in his complaint that are (or may reasonably be expected to be) well within his own knowledge, such as approximately when he was allegedly interviewed or hired, or who or how many people interviewed him and their positions within the company. Here, all we have in Plaintiff's TAC is his "unwarranted deduction[ ] of fact" that Drake hired him. *See Great Plains*, 313 F.3d at 312-13.

The reason this conclusory statement is merely an "unwarranted deduction" is because it cannot withstand the strength of Drake's pleading combined with Plaintiff's own admission that Drake maintained no employment records for him, which would include such records related to hiring as a job application, Form I-9, W-4 election form, and possibly even interview notes – none of which Drake has for Plaintiff. *See* ECF #44 ¶¶ 25-26; ECF #45-3 ¶¶ 3, 5, 8, 10; ECF #45-4 ¶ 5, 7. Also, Drake's pleading establishes that Drake had no authority to dictate to TKD or de la Mora whom they should hire or fire, but instead had only the ability to request that they remove a TKD employee from working on Drake projects; TKD would have remained free to employ such workers and assign them to non-Drake projects. *See* ECF #45-3 ¶ 8; ECF #45-4 ¶ 5; *see also* ECF #45-1. Plaintiff's TAC, meanwhile, does not allege that Drake could require TKD or de la Mora to hire or fire anyone. *See generally* ECF #44.

In addition, both Plaintiff's TAC and Drake's Answer contain information further supporting that Plaintiff was susceptible to being hired or fired by TKD, not Drake. The pay envelopes pictured at Paragraphs 25 and 39 of Plaintiff's TAC include the employee number G1381 for Plaintiff. *Id.* ¶¶ 25, 39. Drake's Answer, meanwhile, notes that Drake assigned all of its employees five-digit employee numbers while TKD assigned its employees four-digit employee numbers. ECF #45-3 ¶¶ 5, 9; ECF #45-4 ¶ 6; *see also generally* ECF #45-2 (invoices from TKD

11

identifying workers, including Plaintiff, by four-digit employee numbers); ECF #45-1. While not dispositive of the issue, simple logic would dictate that, for bookkeeping and administrative purposes, the entity with the ability to hire and fire a worker would be the one to assign that worker a unique employee number. Here, the pleadings establish that TKD was that assigning entity as to Plaintiff, not Drake (which assigned no employee number to Plaintiff or any other TKD employee).

Thus, while it is true that Plaintiff alleges that Drake hired him, this conclusory allegation fails as a mere "unwarranted deduction of fact" that this Court should disregard in applying proper scrutiny and review of the pleadings in this case. *See Great Plains*, 313 F.3d at 312-13. The pleadings reflect no "further factual enhancement" for this "naked assertion." *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557; *see also Fernandez-Montes*, 987 F.2d at 284.

What the pleadings do reflect, however, is that (1) Drake maintained no employment records for Plaintiff; (2) Drake has no records that Plaintiff applied for, interviewed for, or was otherwise considered for employment by Drake; (3) Drake has no documentation for Plaintiff that it maintains in the ordinary course of business for all of its new hires, such as I-9s and W-4s; (4) Drake had no authority to demand that TKD or de la Mora hire or fire any particular person, and Plaintiff does not allege otherwise; (5) Drake could merely request that TKD remove specified workers from Drake projects, but TKD then had the option to assign those workers to non-Drake projects; and (6) Plaintiff was assigned a four-digit employee number (presumably by TKD), whereas Drake assigns all of its employees five-digit employee numbers. *See* ECF #44 ¶¶ 25-26, 39; ECF #45-1; ECF #45-2; ECF #45-3 ¶¶ 3, 5, 8-10; ECF #45-4 ¶¶ 5-7. Given the totality of the information contained within the pleadings, this Court must disregard Plaintiff's unsupported "naked assertion" that Drake hired him as an "unwarranted deduction of fact," leaving Plaintiff unable to plausibly establish a third of the four "economic realities" factors as to Drake.

12

D.  <u>Supervising and Controlling the Schedule or Conditions of Employment</u>.

Because Plaintiff cannot plausibly establish any of the other three "economic realities" factors for the reasons already described, judgment on the pleadings is appropriate and this Court need not even consider whether Plaintiff can satisfy the fourth and final factor. *See Branum v. Richardson*, 2014 WL 795080, at *7 (S.D. Miss. Feb. 27, 2014) ("satisfaction of only one of the four factors does not support" existence of employer/employee relationship) (citing *Martin*, 688 F.3d at 253); *see also Gray*, 673 F.3d at 357 ("While each element need not be present in every case, finding employer status when none of the factors is present would make the test meaningless."). Nevertheless, Drake contends that based on a full review of the pleadings, Plaintiff cannot plausibly show strong enough support for the factor of supervision and control over Plaintiff's schedule or employment conditions to demonstrate that this factor can be met, either.

Plaintiff's specific allegations of supervision or control by Drake are an unhelpful mix of very precise and very vague assertions. For example, Paragraphs 22 and 23 of Plaintiff's TAC claim that Drake provided him with (1) a map to the worksite, and (2) personal protective equipment ("PPE") that included a reflective vest with Drake's company logo. ECF #44 ¶¶ 22-23. These are very specific allegations, to which Drake provides similarly specific responses in its Answer. *See* ECF #45 ¶¶ 22-23; ECF #45-4 ¶¶ 8-9 (explaining that Drake does regularly provide these items for both its own employees and employees of subcontractors like TKD, sometimes at the direction of general contractors or property owners for whom Drake performs work).

Paragraph 24 of Plaintiff's TAC, meanwhile, reverts back to the vague and conclusory language that this Court has previously deemed insufficient to indicate an employer/employee relationship in this case. *See* Minute Entry #1, #2. For example, Plaintiff avers that Drake "gave [Plaintiff] daily work assignments, monitored [Plaintiff's] progress," provided unspecified

13

"materials," and "told" Plaintiff when to come to work and when to leave for the day. ECF #44 ¶ 24. Such allegations, however – like Plaintiff's conclusory and unsupported statement that Drake "hired" him – do not provide sufficient "further factual enhancement" to rise beyond the level of "unwarranted deductions of fact." *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557; *Great Plains*, 313 F.3d at 312-13; *see also Fernandez-Montes*, 987 F.2d at 284. These statements fall particularly short when considered alongside Drake's pleading.

In addition to confirming that Plaintiff would have been provided the map and PPE discussed in his TAC regardless of whether he was Drake's employee or TKD's and why – thereby rendering these two particular facts inconsequential in determining which entity actually employed Plaintiff – Drake's Answer also provides specific details about what "materials" are supplied to TKD workers by Drake and the responsibilities of Drake supervisory personnel assigned to projects on which subcontractors like TKD perform work under contract with Drake. *See* ECF #45-4 ¶¶ 6-12. For example, a review of all of the pleadings confirms that Drake provides sheetrock and studs to subcontractors like TKD and their employees but does not supply TKD employees – including Plaintiff – with hand tools. *Id.* ¶ 10; *see also* ECF #44 ¶ 24. Similarly, the pleadings clarify that the industry standard among drywallers is for the primary contractor to provide sheetrock and studs while expecting subcontractor employees to supply their own hand tools. *See* ECF #45-4 ¶ 10.

With respect to the remainder of Plaintiff's allegations in Paragraph 24 of his TAC, Drake's responsive pleading again provides much-needed factual context. The duties of Drake's supervisory personnel assigned to deal with subcontractors like TKD are typically limited to the following: (1) advise the subcontractor as to what portions of the project are to be worked on each day; (2) monitor the progress of the work performed each day and make adjustments as necessary;

(3) instruct the subcontractor as to when drywall work is to be performed each day; and (4) review and confirm the accuracy of work hours for the subcontractor's employees that are submitted to Drake on the subcontractor's invoices. *Id.* ¶¶ 11-12; *see also generally* ECF #45-1. Importantly, Drake does not track and monitor the subcontractor's employees' time or discipline those employees for tardiness or unexcused absences; rather, that responsibility belongs to the subcontractor. ECF #45-4 ¶¶ 11-12. Drake followed this same protocol in dealing with TKD on the project worked by Plaintiff. *Id.*

It is not only appropriate for this Court to consider the "further factual enhancement" provided by Drake in deciding this motion, it is required because Drake's motion is one for judgment on the pleadings pursuant to Rule 12(c) rather than a pre-Answer Rule 12(b)(6) motion. *Compare* FED. R. CIV. P. 12(c) *with* FED. R. CIV. P. 12(b)(6). Furthermore, unlike with respect to Plaintiff's "unwarranted deduction of fact" that Drake hired him, here the pleadings do not even necessarily contradict each other. *Compare supra* Section II(C).

Rather, Drake's Answer provides a layer of factual detail that Plaintiff's TAC lacks; detail that this Court needs to be able to determine whether Plaintiff can plausibly establish that Drake supervised or controlled Plaintiff's schedule or conditions of employment sufficiently to satisfy the "economic realities" test. *See Gray*, 673 F.3d at 355. These details make clear that Plaintiff cannot plausibly establish the requisite level of supervision or control to subject Drake to FLSA liability as an alleged joint employer. *See Orozco v. Plackis*, 757 F.3d 445, 450-51 (5th Cir. 2014) (review of employee work schedules and training of employees by alleged employer insufficient to establish control over plaintiff's schedule or employment conditions); *Menchaca v. Fodale*, 2017 WL 8890663, at *6 (W.D. Tex. Aug. 10, 2017) ("giving an employee directions or instructions" insufficient to establish employer liability under FLSA); *see also Martin*, 688 F.3d

15

at 251-52. Based upon a proper review of the pleadings in this case, Plaintiff cannot satisfy this fourth factor of the test as to Drake.

## CONCLUSION

The pleadings in this case clearly support Drake's position that Plaintiff cannot plausibly establish *any* of the four "economic realities" factors outlined in *Gray*. The Fifth Circuit Court of Appeals and district courts within the Fifth Circuit have recognized that a plaintiff is expected to meet *at least two* of the four "economic realities" factors to avoid dismissal of his claims for lack of an employer/employee relationship. *See Gray*, 673 F.3d at 357; *Branum*, 2014 WL 795080, at *7; *see also Martin*, 688 F.3d at 253. Here, Plaintiff completely fails to even allege facts that would attempt to satisfy two of the four "economic realities" factors as to Drake. Meanwhile, Plaintiff's allegations as to the remaining two factors are insufficient to plausibly establish *either* of them as to Drake, much less *both* as needed to overcome Drake's 12(c) motion. Thus, Plaintiff is left unable to establish a single one of the four "economic realities" factors to show an employer/employee relationship with Drake.

Based on the foregoing, Drake respectfully requests that this Motion for Judgment on the Pleadings be GRANTED, that Plaintiff's claims against Drake be DISMISSED WITH PREJUDICE, and that Drake be DISMISSED from this litigation. *See Trevino*, 2016 WL 11477431, at *20, *29-*30 (granting two defendants' motions to dismiss third amended complaint with prejudice and denying leave to file fourth amended complaint because plaintiffs "already had three bites at the apple and [ ] the law in this district establishing pleading requirements under the statute for joint employers has been established for years.").

16

COKINOS | YOUNG

BY: _/s/ J. SHANNON GATLIN_____
    J. SHANNON GATLIN
    Federal Bar No. 1124848
    State Bar No. 24065282
    sgatlin@cokinoslaw.com
    W. PATRICK GARNER
    Federal Bar No. 21192
    State Bar No. 00798200
    pgarner@cokinoslaw.com
    Four Houston Center
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010
    T: (713) 535-5500
    F: (713) 535-5533

**ATTORNEYS FOR DEFENDANT
DRAKE INTERIORS, INC.**


**CERTIFICATE OF SERVICE**

    I certify that on March 25, 2021, a true and correct copy of ***Defendant Drake Interiors, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings*** was filed with the Clerk of Court using the PACER Electronic Case Filing system and that a true and correct copy of such filing was served on all known counsel of record through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.


        _/s/ J. SHANNON GATLIN_____
        J. SHANNON GATLIN

17